UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| RICHARD HENRY MORGAN, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 5:07-cv-257-JMH |
| | ) |
| v. | ) |
| | ) |
| LARRY CHANDLER, Warden, | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Report and Recommendation of Magistrate Judge James B. Todd [Record No. 14]. Said action was referred to the magistrate for the purpose of reviewing the merit of Petitioner's "FRCVP 60(b)(4)(5) Motion in Vacatur" [Record No. 1] in which he requests that the Court vacate an earlier order, dated March 21, 2001, in Lexington Civil Action No. 00-243-HRW and which dismissed his petition for a writ of habeas corpus under 28 U.S.C. §2254 as untimely. Respondent has filed an objection to the Report and Recommendation [Record No. 17], and Petitioner has filed an Objection in Traverse to Respondent's Objection to Magistrate's Order [Record No. 18]. This matter is now ripe for a decision.

**I.   Background**

    **A.   State Court Proceedings**

On November 20, 1992, Petitioner Morgan was convicted in Fayette Circuit Court of murder, two counts of first-degree robbery, and of being a Persistent Felony Offender (PFO). *Commonwealth v. Morgan*, No.

1992-CR-268 and 1992-CR-459. On direct appeal, the Kentucky Supreme Court affirmed the convictions but remanded the case for resentencing. *Morgan v. Commonwealth*, 92-SC-1015 (decided September 1, 1994; modified November 23, 1994). Morgan was resentenced to life without parole for twenty-five years, and the sentence was ultimately affirmed by the Kentucky Supreme Court. *Morgan v. Commonwealth*, 95-SC-33 (unpublished decision, November 9, 1995).

On October 21, 1994, Morgan filed a motion to vacate pursuant to Kentucky CR 60.02. The motion was denied in the trial court and affirmed on appeal by the Kentucky Court of Appeals in an unpublished decision dated September 13, 1996. *Morgan v. Att'y Gen.*, 95-CA-568. The Kentucky Supreme Court denied discretionary review on April 16, 1997. *Morgan v. Commonwealth*, 96-SC-899. Morgan then filed a successive post-conviction motion to vacate pursuant to CR 11.42, and the Fayette Circuit Court denied the motion on September 29, 1997. Morgan appealed that decision, which was affirmed by the Kentucky Court of Appeals on January 29, 1999. *Morgan v. Commonwealth*, 97-CA-2715 and 97-CA-2592. Discretionary review of that decision was denied by the Kentucky Supreme Court on June 9, 1999. *Morgan v. Commonwealth*, 99-CS-145.

**B.  Petition for Writ of Habeas Corpus**

On May 15, 2000, Morgan filed a petition for writ of habeas corpus in this Court. *See Morgan v. Webb*, Civil Action No. 5:00-243-HRW. The Commonwealth filed a motion to dismiss the petition on grounds that it was barred by the statute of limitations in 28 U.S.C. § 2244(d)(1) and

(2). On February 23, 2001, the Magistrate Judge concluded in his Findings of Fact and Recommendation that Morgan's petition was untimely and should be dismissed. Over Morgan's objections, this Court adopted the Magistrate Judge's Report and Recommendation and granted the Respondent's Motion to Dismiss. No certificate of appealability issued from this Court. Nonetheless, Morgan sought to appeal the decision and applied for a certificate of appealability from the Sixth Circuit Court of Appeals which was denied on November 26, 2001. Morgan next filed a Motion for Permission to File a Successive Habeas Petition under 28 U.S.C. § 2254, which was denied by this Court as untimely on May 10, 2002.

**C. Motion for Relief Under Fed. R. Civ. P. 60(b)**

On August 15, 2007, Morgan filed a motion pursuant to Fed. R. Civ. P. 60(b), seeking relief from the Court's earlier decision, alleging that the computation of time dismissing his earlier petition was incorrect under *Caspari v. Bohlem*, 510 U.S. 383 (1994), U.S. Supreme Court Rule 13.1, and 28 U.S.C. § 2244(d)(1). [Lexington Civil Action No. 07-257-JMH, Record No. 1.] Respondent responded, arguing among other things that *Caspari* was not applicable and that, in any event, Morgan had not filed the motion within a reasonable time as he waited six years from the dismissal of his petition to file his motion relying on a case which was published 7 years prior to the time his habeas petition was dismissed.

On November 14, 2008, Magistrate Judge James B. Todd issued an Amended Proposed Finding of Fact and Recommendation, recommending that

this Court grant Morgan's motion and reopen his habeas petition. In making his recommendation, Magistrate Judge Todd concluded that the statute of limitations calculation upon which Morgan's petition had been dismissed in 2001 was incorrect under *Caspari* and Supreme Court Rule 13.1.

**II. ANALYSIS**

Morgan's petition was filed after the April 24, 1996, enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), and, thus, pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to his application for a writ of habeas corpus. In calculating the limitations period, the time during which a properly filed application for post-conviction relief or other collateral review is pending in a state court is not counted. 28 U.S.C. § 2244(d)(2).

At the time that Morgan's petition was filed in 2001, the Sixth Circuit had held that "§ 2244(d)(2) [did] not toll the limitations period to take into account the time in which a defendant could have potentially filed a petition for certiorari with the United States Supreme Court, following a state court's denial of post-conviction relief." *Isham v. Randle*, 226 F.3d 691, 695 (6th Cir 2000). As *Isham* was controlling law at the time that Morgan's petition was filed in 2001, *Caspari* was not applicable nor is it applicable now.[1]

---

[1]  *Isham* was subsequently overruled by *Abela v. Martin*, 348 F.3d 14, 172 (6th Cir. 2003), in which the Sixth Circuit, sitting *en banc*, held that the 90 day period to file a petition for a writ of certiorari to the United States Supreme Court after denial of relief in a state post-conviction action would toll the limitation

In Morgan's case, the Kentucky Supreme Court affirmed his re-sentencing on November 9, 1995, at which time his conviction and sentence would have become final. Morgan, however, had commenced a collateral attack on his conviction on October 21, 1994, by filing a CR 60.02 motion in state court to vacate or set aside the final judgment. That motion was denied by the trial court on February 3, 1995, the denial was affirmed by the Kentucky Court of Appeals on September 13, 1996, and a motion for discretionary review was denied by the Kentucky Supreme Court on April 16, 1997, at which time his conviction became final and the one year statute of limitations imposed by the AEDPA for the filing of a federal habeas petition began to run.

One hundred four days later, on July 29, 1997, petitioner asked the trial court to vacate, set aside, or correct his judgment and sentence, further tolling the statute of limitations. That motion was denied on September 29, 1997, the Kentucky Court of Appeals affirmed the denial of the motion on January 29, 1999, and the Kentucky Supreme Court denied Petitioner's motion for discretionary review of that decision on June 9, 1999, at which time the statute of limitations began to run again. Under *Isham*, which applied at the time the petition was dismissed in

---

period. In *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1084 (2007), however, the Supreme Court determined that the filing of a petition for certiorari does not toll the statute of limitations under § 2254(d)(2), overruling *Abela*. *See Allen v. Bell*, 250 Fed. Appx. 713 (6th Cir. 2007); *Newcomb v. Whitley*, Civil Action No. 06-71-KKC, 2007 WL 2903112 at *2 (E.D.Ky. Sept. 28, 2007). To the extent that *Abela* would better suit Morgan's theory, *Abela* was decided after Morgan's case concluded and is, in any event, no longer good law for the issue presented in this case.

2001 (and under *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079 (2007), for that matter), the one-year limitations period was not tolled during the 90 days in which Morgan could have petitioned the United States Supreme Court for a writ of certiorari in each instance where the Kentucky Supreme Court declined relief in Morgan's post-conviction actions. One hundred four days having already run, the statute of limitations expired 252 days later, on February 16, 2000.

The petition in *Morgan v. Webb*, Lexington Civil Action No. 00-243-HRW, was filed in the Western District of Kentucky on May 15, 2000, 89 days after the expiration of the statute of limitations. *See Morgan v. Webb*, Lexington Civil Action No. 00-243-HRW. In other words, the Court correctly determined that Morgan's petition was filed out of time and, thus, properly dismissed that petition in its decision of March 21, 2001 [Lexington Civil Action No. 00-243-HRW, Record No. 12]. Morgan has failed to identify any grounds upon which to grant him the relief he seeks under Fed. R. Civ. P. 60(b), and this Court does not adopt the reasoning set forth in the Magistrate Judge's Report and Recommendation for the reasons stated above and Petitioner's Motion shall be denied.

Accordingly, **IT IS ORDERED:**

(1) that Respondent Chandler's objections to the Report and Recommendation are **SUSTAINED**;

(2) that the Report and Recommendation of the magistrate judge [Record No. 14] shall be, and the same hereby is, **REJECTED**;

(3) That Petitioner's motion [Record No. 1] to vacate the Court's

Order of March 21, 2001, in Lexington Civil Action No. 00-243-JMH shall be, and the same hereby is, **DENIED**;

    (4) That this action be, and the same hereby is, **STRICKEN** from the Court's active docket.

    This is the 22nd day of December, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge