UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| RICHARD HENRY MORGAN, | ) |
| Petitioner, | ) Civil Action No. 5:07-cv-257-JMH |
| v. | ) |
| LARRY CHANDLER, Warden, | ) |
| Respondent. | ) **MEMORANDUM OPINION AND ORDER** |

\*\*   \*\*   \*\*   \*\*   \*\*

Petitioner Richard Henry Morgan has filed a Prisoner Application to Proceed without Prepayment of Fees and Affidavit [Record No. 23]. Before reaching the merits of that application, this Court must review whether the appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1) and 24(a)(3)(A).

A certificate may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). When a petition is denied on procedural grounds, a certificate may only issue if reasonable jurists could find for appellant on both the procedural grounds and the constitutional claims. *See Slack v. McDaniel*, 529 U.S. 473, 484-85

(2000).

Having carefully considered the matter, this Court concludes that the appeal is not taken in good faith. Specifically, the original petition, *Morgan v. Webb*, Lexington Civil Action No. 00-243-HRW, was dismissed as untimely. In the present matter, Morgan sought relief from that decision under Fed. R. Civ. P. 60(b), alleging that the computation of time which resulted in the dismissal of his earlier petition was incorrect under *Caspari v. Bohlem*, 510 U.S. 383 (1994), U.S. Supreme Court Rule 13.1, and 28 U.S.C. § 2244(d)(1). [Lexington Civil Action No. 07-257-JMH, Record No. 1.] However, *Caspari* was not applicable to Petitioner's case at the time of the Court's decision in 2001 nor is it applicable now. Rather, under *Isham v. Randle*, 226 F.3d 691, 695 (6th Cir 2000), which applied at the time his petition in *Morgan v. Webb*, Lexington Civil Action No. 00-243-HRW, was filed in 2000 and dismissed in 2001 (and under *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079 (2007), for that matter), Morgan's petition was filed out of time [Lexington Civil Action No. 00-243-HRW, Record No. 12]. Petitioner's insistence on the application of *Caspari* to his case is without merit. As this Court is not persuaded that reasonable jurists could find for appellant on these procedural grounds, let alone any underlying constitutional claims, no certificate of appealability is warranted. *See Slack*, 529 U.S. at 484-85.

As this Court has certified that this Appellant's appeal is not taken in good faith, therefore, pursuant to § 1915(a)(3), he may not proceed on appeal in forma pauperis. It would be inconsistent for a

district court to determine that a petition is too frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis. *See Frazier v. Hesson*, 40 F. Supp. 2d 957, 967 (W.D. Tenn. 1999) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2nd Cir. 1983)). In *Owens v. Keeling*, 431 F.3d 763 (6th Cir. 2006), the United States Court of Appeals for the Sixth Circuit directed that, in accordance with the Advisory Committee's Note to the Federal Rules of Appellate Procedure in 1967, when a district court certifies that the appeal is not or would not be taken in good faith, a prisoner has two choices:

> The prisoner either may pay the full filing fee and any relevant costs and proceed on appeal for plenary review for leave to proceed as a pauper with the court of appeals.

*Id.* at 774 (citing to 16A Wright, Miller & Cooper, Federal Practice and Procedure § 3970 (3d ed. 1999)).

Thus, since *Owens*, if an Appellant desires to choose the second option in order to proceed on appeal in forma pauperis, he must file a Motion to Proceed on Appeal in forma pauperis with the appellate court, as provided in Federal Rule of Appellate Procedure 24(a)(5). Id. This must be done within thirty (30) days and with supporting documentation, including his affidavit of assets and six-month certificate of inmate account. Fed. R. App. P. 24(a)(5).

Accordingly, **IT IS ORDERED:**

(1) that no certificate of appealability shall issue; and

(2) that Petitioner's Prisoner Application to Proceed without Prepayment of Fees and Affidavit [Record No. 23] shall be, and the

same hereby is, **DENIED**.

This the 25th day of March, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge